IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KEVIN LEE KERKHOFF,<br><br>                    Plaintiff,<br><br>        v.<br><br>WEST VALLEY CITY DISTRICT<br>COURT, ATTORNEY GENERAL'S<br>OFFICE, CORY R. WALL, THADEUS<br>WENT, BRETT BOLTON, and KEVIN<br>BISHOP,<br><br>                    Defendants. | **ORDER**<br><br>Case No. 2:14-CV-00209<br><br>Judge Robert J. Shelby |

This case was referred to the Honorable Dustin B. Pead under 28 U.S.C. § 636(b)(1)(B). (Dkt. 21.)  On June 25, 2014, Judge Pead filed a Report & Recommendation.  (Dkt. 25.)  Judge Pead recommended that the court grant the Motion to Dismiss filed by Defendants West Valley City District Court and the Utah Attorney General's Office (Dkt. 5), and deem moot Plaintiff's additional filings.  (Dkts. 20, 22, 23, and 24.)  Pursuant to Rule 72(b)(2), Federal Rules of Civil Procedure, Judge Pead's Recommendation provided that any Objection must be filed within (14) fourteen days of service.  Plaintiff Kevin Lee Kerkhoff filed an Objection to Judge Pead's Recommendation fifteen days later, on July 10, 2014. (Dkt. 27.)  Plaintiff's Objection is therefore untimely.  *See* FED. R. CIV. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.")  The court nevertheless will consider Plaintiff's Objection and review the record and Judge Pead's Recommendation *de novo*.

In his Objection, Plaintiff does not challenge the legal analysis or conclusions that support Judge Pead's Recommendation.  Instead, Plaintiff reiterates the facts and legal conclusions alleged in his Complaint.  As a result, the court finds that the Objection does not warrant a finding contrary to Judge Pead's Recommendation.

And after the court's independent review of Plaintiff's Objection and a *de novo* review of the record, the relevant legal authorities, and Judge Pead's Recommendation, the court concludes that the Recommendation is based on a correct application of the law and the facts.  Judge Pead correctly concluded that Plaintiff's claims against Defendant West Valley City District Court are barred by the doctrine of claim preclusion, and that his claims against Defendants West Valley City District Court and the Attorney General's Office are further barred under the relevant four year statute of limitations, and because these Defendants are immune from suit under the Eleventh Amendment to the United States Constitution.

In reaching this conclusion, the court reviewed all filings in the case, including those Judge Pead recommends the court deny as moot.  None alter the court's conclusion that Judge Pead's Recommendation is legally correct.  First, in a "Request to Submit Amended Complaint and Last Memorandum to Stand and Object to Defendant's Motion to Dismiss" dated May 9, 2014 (Dkt. 12), Plaintiff claims he filed on April 15, 2014 an Amended Complaint that the court should consider.  There is no Amended Complaint on the docket.  To have been timely filed without leave of court, any Amended Complaint should have been filed by May 5, 2014—21 days after the Defendants' Rule 12(b) Motion to Dismiss filed on April 14, 2014.  *See* Fed. R. Civ. P. 15(a)(1)(B) (permitting a party to amend a pleading once as a matter of course within "21 days after service of a motion under Rule 12(b) . . . .")

In other filings prior to Judge Pead's Recommendation, Plaintiff makes arguments and requests that do not help him avoid the claim preclusion, statute of limitations, and Eleventh Amendment immunity grounds upon which Judge Pead based his Recommendation that Defendants' Motion to Dismiss be granted.  In a filing styled "Request to Submit Extra Memorandum for Amended Complaint and Extra Information in Support thereof and Memorandum in Reply to Motion 5" (Dkt. 20) Plaintiff simply cites constitutional provisions and argues that Defendants' actions caused him financial hardship from July 1993 to March 1995.

Next, in a "Motion to Strike Name Off as Witness & Statement" (Dkt. 22) Plaintiff asks that his name be stricken off a witness statement "submitted May 27, 2014."  The witness statement Plaintiff seems to reference is his May 27, 2014 filing in this case in which he discusses attending a restitution hearing "in 2002-2005 [at] Matheson Courthouse [the state courthouse] SLC.  The Defendant was Morris Burk."

In a "Request to Submit Extra Memorandum Amended Complaint and Extra Information in Support Thereof" dated June 3, 2014 (Dkt. 23), Plaintiff argues that he has a plausible claim for Due Process violations; that he didn't "discover the court proceedings [that took place] in Dec. 1992 [until] June 8, 2000" when he got a copy of a document from the West Valley City District Court; and that he didn't discover that the Attorney General's Office was "not doing their duties" until March 20, 2014, when [he] filed another complaint."  Plaintiff's arguments do not help him avoid dismissal of his claims against West Valley City District Court on claim preclusion grounds, against both West Valley City District Court and the Attorney General's Office due to Eleventh Amendment immunity and the applicable four year statute of limitations. Notably, Plaintiff's argument that he only recently learned of claims against the Attorney

General's Office is belied by the fact that he asserted similar civil rights claims in his 2001 lawsuit brought against the West Valley City District Court and Utah Attorney General's Office. *See* Complaint in Case No. 2:01-cv-912-TC (Dkt. 3).

Next, in a filing also styled "Request to Submit Extra Memorandum Amended Complaint and Extra Information in Support Thereof" dated June 4, 2014 (Dkt. 24), Plaintiff argues that the Defendants breached duties to him and engaged in misconduct such that any reasonable official would have known they were "violating their duties, responsibilities, [and] court procedure." This argument could conceivably be relevant to a discussion of qualified immunity for individual government officials under some circumstances, but does not bear on the Defendants' Eleventh Amendment immunity where they are both considered "arms of the state" and neither has waived immunity for civil rights causes of action.

Accordingly, the court ORDERS as follows:

1.  Judge Pead's Recommendation (Dkt. 25) is ADOPTED IN FULL.

2.  The Motion to Dismiss filed by Defendants West Valley City District Court and Attorney General's Office (Dkt. 5) is GRANTED.  Those Defendants are hereby DISMISSED.

3.  Plaintiff's other pending filings (Dkts. 20, 22, 23, 24) are DENIED as moot.

SO ORDERED this <u>17th</u> day of <u>February</u>, 2015.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge